NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMBRIDGE PAVERS INC., <br><br> *Plaintiff,* <br> v. <br><br> ARMORTEC PAVING & PATIOS CORP., MIGUEL A. BATISTA DIAZ, AND JOHN CONNORS A/K/A JOHNNY CONNORS, <br><br> *Defendants*. | Civil Action No. 24-11001 (KSH) (SDA) <br><br><br> OPINION |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

Plaintiff Cambridge Pavers Inc. ("plaintiff") has sued Armortec Paving & Patios Corp. ("Armortec") and Miguel Batista Diaz ("Diaz," and with Armortec, "defendants") for trademark infringement and related claims.[1]  Defendants have not appeared in this action, and plaintiff has now moved (D.E. 17) for default judgment against them.

**II.    Background**

The operative amended complaint alleges the following.  Plaintiff is a New Jersey corporation based in Lyndhurst (D.E. 6, Am. Compl. ¶ 1.)  Armortec is a New Jersey company having "an address for service of process" in Somerset, New Jersey.  (*Id.* ¶ 2.)  Diaz is an "agent for service of process upon" Armortec and "is an officer, shareholder or other individual otherwise having an interest in" Armortec; the address listed for him is the same as the "address for service of process" for Armortec.  (*Id.* ¶ 3.)  Connors "is an officer, shareholder or individual otherwise having an interest in" Armortec, with an address in Somerset that is different from that

---

[1] Plaintiff also named a third defendant, John Connors a/k/a Johnny Connors ("Connors"), but as discussed *infra*, did not serve him and has not pursued relief against him.

1

alleged for Armortec and Diaz.  (*Id.* ¶ 4.)

Plaintiff is "a leading manufacturer of paving stones in the United States" and has used the mark ARMORTEC "since at least as early as 1995 to distinguish its goods, namely paving stones with a hardfacing top surface."  (*Id.* ¶¶ 6-7.)  The company has used "its extensive sales and advertising" to develop "extensive good will throughout the United States" for its mark.  (*Id.* ¶ 8.)  Plaintiff is the owner of U.S. Trademark Registration No. 3,094,763, for ARMORTEC, and that registration is "valid, subsisting, and incontestable."  (*Id.* ¶¶ 9-10.)  It is also the owner of U.S. Trademark Registration No. 6,620,469 for the mark CAMBRIDGE PAVINGSTONES WITH ARMORTEC & WALLSTONES and Design, which registration is "valid and subsisting."  (*Id.* ¶ 12.)

Plaintiff alleges that "Defendants" (without differentiating between them) "market and sell and offer for sale a variety of concrete and asphalt products and services, including, pavingstones under the name ARMORTEC PAVING & PATIOS."  (*Id.* ¶ 13.)  Defendants assertedly "are purchasing Plaintiff's products from Plaintiff's authorized distributors and dealers and reselling those products using" the ARMORTEC mark "without authorization," so as to "deceive and confuse customers that Defendants are associated with or sponsored by Plaintiff." (*Id.* ¶ 14.)  Moreover, they "have been expressly representing to customers and potential customers that Defendants are, in fact, associated with Plaintiff," and have been "providing services to customers, including installation of Plaintiff's products, and using Plaintiff's trademarks without authorization to deceive any confuse customers into believing that Defendants are representatives of, associated with, or their services are sponsored by Plaintiff." (*Id.* ¶¶ 15-16.)  They are also purportedly "using marks confusingly similar to Plaintiff's marks without authorization, to trade on Plaintiff's goodwill, to deceive customers and to cause damage

2

to Plaintiff's reputation . . . ."  (*Id.* ¶ 17.)

On December 9, 2024, plaintiff filed a seven-count complaint in this action.  (D.E. 1.)  On January 30, 2025, plaintiff filed a proof of service representing that it had served Armortec "c/o NJ Dept. of Treasury" on December 24, 2025, via a person designated by law to accept service of process on Armortec's behalf.  (D.E. 4.)  On February 18, 2025, the Court issued an order directing plaintiff to move this case (D.E. 5), and on the same day, plaintiff filed its amended complaint (D.E 6), which added an eighth cause of action and changed the addresses pleaded for each of the defendants.

The claims asserted are federal trademark infringement (Count 1); false designation of origin under 15 U.S.C. § 1125(a) (Count 2); dilution under 15 U.S.C. § 1125(c) (Count 3); common law unfair competition (Count 4); unfair competition under N.J.S.A. § 56:4-1 (Count 5); fraud (Count 6); false advertising under 15 U.S.C. § 1125(a) (Count 7); and cyberpiracy under the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) (Count 8).  As with the original complaint, each of the claims is asserted against "defendants" without differentiation.

Plaintiff represents that it served Armortec via the New Jersey Department of Treasury on March 3, 2025 (D.E. 8) and Diaz at his home via a person representing herself to be a cohabitant (D.E. 9).  On April 29, 2025, the Court issued another order directing plaintiff to move this case (D.E. 10), and shortly afterwards new counsel substituted in for plaintiff.  (D.E. 11-13).  On May 14, 2025, plaintiff filed a request for entry of default against Armortec and Diaz (D.E. 14), which the Clerk of Court entered the following day, on May 15, 2025.  Two weeks later, the Court issued yet another order to move this case.  (D.E. 15).

On June 12, 2025, plaintiff filed this motion for default judgment, seeking relief against

3

Armortec and Diaz.  (D.E. 17.)[2]   The motion is supported by a brief (D.E. 17-1, Moving Br.), a declaration of counsel, with exhibits (D.E. 17-3, Sutton Decl.), and a proposed form of judgment (D.E. 17-2).

### III.    Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who fails to file a timely responsive pleading.  *Trs. of Int'l Union of Painters v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (Bumb, J.).  Whether to grant default judgment is a matter of the Court's discretion, recognizing that cases are to be decided on the merits "whenever practicable."  *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984)).

To grant the requested relief, "a court must be satisfied that: (1) it has jurisdiction, both subject matter and personal, over the case and defaulting party, and service of process was proper, (2) the party seeking judgment presented 'a legitimate cause of action,' and (3) entering default judgment would be 'proper.'"  *Id.* (quoting *Chanel, Inc. v. Matos*, 133 F. Supp.3d 678, 683-84 (D.N.J. 2015)).  The last factor, in turn, assesses "(1) prejudice to the [moving party] if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

The Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of

---

[2] Plaintiff also filed what it captioned as another request for entry of default (D.E. 16), but the submission was identical to the motion for default judgment, with the exception of a missing notice of motion.

action, since a party in default does not admit mere conclusions of law.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (Kugler, J.).

## IV.   Discussion

### A.  Jurisdiction and Service

The analysis begins with the preliminary inquiries: whether the Court has subject matter and personal jurisdiction and whether the defendants were properly served.  Subject matter jurisdiction exists, as plaintiff has asserted federal statutory claims.  As a New Jersey corporation, Armortec is subject to personal jurisdiction in New Jersey, and as a New Jersey citizen resident in this state, Diaz is as well.  *See, e.g.*, *Branch Banking & Tr. Co. v. Paul's Gasoline Servs., Inc.*, 2020 WL 3638244, at *2 (D.N.J. July 6, 2020) (Kugler, J.).

With respect to service of process, the record reflects service on Diaz at his residence via an adult who represented that she lived there with him.  (D.E. 9 (proof of service stating that summons was left with a woman, identified by name, who stated that Diaz resides at that address); D.E. 17-3, Sutton Decl. ¶ 20 (attesting that Diaz was served with summons and amended complaint).)  *See* Fed. R. Civ. P. 4(e)(2)(B) (individual may be served by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there").

As to Armortec, plaintiff represents that it was served "via personal service on March 3, 2025."  (D.E. 17-3, Sutton Decl. ¶ 2; *id.* ¶ 20 ("The records of the process server prove that [Armortec] was duly served with a Summons and Amended Complaint on March 3, 2025.").)  The support for this is Docket Entry 8, which is a form proof of service stating that Armortec was served "c/o NJ Dept. of Treasury."  Attached to this form was a second form proof of service, which the docket text titles an "Affidavit of Attempted Service on Last Known

5

Registered Agent at Registered Office." (*See* D.E. 8-1.)  This document states that the summons was received by the process server on December 12, 2024, and that the process server made three unsuccessful attempts, on December 13, 2024, December 15, 2024, and December 17, 2024, to serve Armortec at an address in Union, New Jersey.  (*Id.*)  On each occasion, the process server apparently attempted to call the unit; only once does the form indicate that the server knocked on the door.  (*Id.*)

Whether Armortec was properly served is a central issue, because proper service of process is a prerequisite to the Court's exercise of personal jurisdiction over a defendant.  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991); *see also Adams v. Grand Oasis Cancun*, 2015 WL 6872483 (D.N.J. Nov. 9, 2015) (Martini, J.) (denying default judgment motion where plaintiff failed to show proper service).  And it is up to plaintiff, as the party asserting that service was validly effectuated, to provide the appropriate support for that position.  *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).  The present record does not offer that support.

Under Rule 4, a corporation is to be served by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(h)(1)(A), (e)(1), which, here, means following New Jersey law, or (2) "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B).

The options under Rule 4(h)(1)(B) essentially overlap with the options under New Jersey law for service on a corporation, although the latter is broader. New Jersey requires plaintiffs to effectuate service on corporations by:

> serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties . . . .

N.J. Ct. R. 4:4-4(a)(6). By producing a proof of service reflecting service on the New Jersey Department of Treasury, plaintiff appears to be relying on the provision permitting service on "any person authorized by . . . law to receive service of process on behalf of the corporation," as none of the other categories even arguably applies. The "law" that would allow service via the Treasury is N.J.S.A. 2A:15-30.1, and plaintiff has not shown that the conditions of that statute have been met. *See* N.J.S.A. 2A:15-30.1 (permitting service on state agency if business has failed to register or re-register, or has failed to maintain a registered address or agent in the state for service); *Kearny Fed. Sav. Bank v. 100 W. St., LLC*, 2024 WL 2966560, at *3 (App. Div. June 13, 2024); *Trs. of United Food & Com. Workers Union v. Union Org. for Soc. Servs.*, 2023 WL 3862039, at *3 (D.N.J. June 6, 2023) (Kugler, J.).[3]

---

[3] What plaintiff has submitted also does not suggest that its prior attempts opened an avenue to substituted or constructive service. Those attempts apparently involved the original, not the amended complaint, as they were made before the latter was filed; they were made to an address for Armortec that plaintiff abandoned in its amended complaint, suggesting that this was not the correct address for the company; and the server's affidavit, while not clear, suggests that at least two of the attempts were made by "calls," which are not a valid method of attempting service. (*See* D.E. 8-1.)

Because plaintiff has not shown that it properly served process on Armortec, default judgment cannot be granted against that defendant.  Within 14 days, plaintiff may, if it has a factual and legal basis to do so, file a supplemental submission explaining how its efforts to serve Armortec were valid and complied with the requirements of Fed. R. Civ. P. 4(h)(1) and/or N.J. Ct. R. 4:4.

As to defendant Connors, there is no indication that he was ever served with process, and the time for doing so has long since passed.  Fed. R. Civ. P. 4(m).  It appears plaintiff is not pursuing its claims against Connors, as the default judgment motion was filed against only Armortec and Diaz.  The claims against Connors are dismissed without prejudice.

**B.  Pleading of the Claims**

Assuming *arguendo* that plaintiff can rectify the service issue with respect to Armortec, the Court proceeds to the next step:  "whether the undisputed facts of [p]laintiff's complaint allege legitimate claims" against Armortec and Diaz.  *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (Simandle, J.).  Plaintiff's brief focuses almost entirely on the relief it seeks—an injunction—without explaining how the facts alleged in its complaint make out legitimate claims for relief.  As best the Court can discern, plaintiff appears to be arguing that an injunction is warranted based on Count 1, trademark infringement.[4]

---

[4] There is a passing reference to false designation of origin under Lanham Act § 43(a), 15 U.S.C. § 1125(a), as an available cause of action for common law marks (D.E. 17-1, Moving Br. 8), but here plaintiff has brought suit on registered marks.  In any event, the standards for such a claim mirror those for trademark infringement under § 1114.  *Matos*, 133 F. Supp. at 684 n.6.  So whether plaintiff is seeking relief on Count 1 or 2, the outcome is the same.
Plaintiff's briefing and attorney certification fail to address the remaining claims: Count 3, for dilution; Count 4, for unfair competition; Count 5, for statutory unfair competition; Count 6, for fraud; Count 7, for false advertising; or Count 8, for cyberpiracy. Those claims are dismissed.

A trademark infringement claim requires a plaintiff to show that "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Fisons Horticulture, Inc v. Vigoro Indus.*, 30 F.3d 466, 472 (3d Cir. 2015). Regarding the first two elements, plaintiff has pleaded its registration and ownership of the two marks upon which it seeks relief and attaches copies of the registrations to its motion. (Am. Compl. ¶¶ 9-12; D.E. 17-3, Sutton Decl. ¶ 10 & Ex. A.) *Kinsley Tech. Co. v. Exquisite Buys*, 2023 WL 5218124, at *2 (D.N.J. Aug. 15, 2023) (Padin, J.) (trademark registration established plaintiff's ownership of valid and protectable mark). Plaintiff has also alleged that the ARMORTEC mark is incontestable. (Am. Compl. ¶ 10.) The allegations, assumed as true as required in this procedural posture, support the first two claim elements. *Fisons*, 30 F.3d at 472.

On the third element, a "likelihood of confusion exists when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark," and if both the trademark owner and the alleged infringer "directly compete with the goods or services, the court need rarely look beyond the mark itself" and the focus is "whether the marks are confusingly similar." *Kinsley*, 2023 WL 5218124, at *2 (cleaned up). Here, plaintiff has alleged that "defendants" "market and sell and offer for sale a variety of concrete and asphalt products and services" that include paving stones (the same type of goods plaintiff uses its marks for) and that they do so in the same geographical market that plaintiff operates in. (Am. Compl. ¶¶ 6-7, 13.) Plaintiff further alleges that defendants are buying plaintiff's actual products from authorized distributors and reselling them, and that they are representing to customers that they are associated with plaintiff. (*Id.* ¶¶ 14-15.) The very name, Armortec Paving & Patios, uses the same term as the mark, Armortec,

9

and pairs it with "Paving & Patios," further linking it to paving stones that plaintiff uses its mark with.  (*See id.* ¶ 27.) As there is both direct competition in the type of goods and the mark is identical, this element is established for purposes of default judgment.  *See Matos*, 133 F. Supp 3d at 685 ("The identity of marks . . . creates a great likelihood of confusion, and indeed makes such confusion inevitable." (footnote omitted)).

Although the complaint makes out a legitimate trademark infringement claim against Armortec (the company allegedly doing the marketing, selling, and buying of the problematic goods and using the trademarked name to do business), it does not set forth a viable claim against Diaz individually.  Diaz is merely alleged to be an agent for service of process and "an officer, shareholder or individual otherwise having an interest in [Armortec]."  (Am. Compl. ¶ 3.)  Although in some circumstances a corporate officer can be held liable for trademark infringement alongside the company, the allegations here, taken as true, do not establish a basis for imposing such liability here.  *Compare Meenaxi Enter., Inc. v. Singh Trading Co.*, 2025 WL 2104507, at *6 (D.N.J. July 28, 2025) (Chesler, J.) (conclusory and generic allegations against individual defendants did not warrant imposing liability for trademark infringement) *with Prime Hookah Inc. v. FCM Online LLC*, 2022 WL 1115361, at *3 (D.N.J. Apr. 14, 2022) (Martini, J.) (determining that allegations of specific, personal involvement, and acts by and benefits accruing to individual defendants sufficed to hold them liable for trademark infringement).  As plaintiff has not asserted a legitimate claim for relief against Diaz, default judgment is denied as to him.

### C.  Relief Sought

Although the complaint requested various forms of relief, plaintiff now seeks only permanent injunctive relief.  A permanent injunction restraining trademark infringement may issue when the plaintiff shows (1) irreparable injury, (2) the inadequacy of remedies available at

law, (3) the balance of hardships between the parties favors equitable relief, and (4) that the injunction sought would not disserve the public interest. *Matos*, 133 F. Supp. 3d at 689 (citing *eBay v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). On the first factor, because plaintiff's allegations, taken as true, establish a claim for trademark infringement, including a likelihood of confusion, a presumption of irreparable harm, which has not been rebutted, arises. The same showing supports the fourth factor. *See Meenaxi*, 2025 WL 2104507, at *10. On the second factor, monetary remedies are effectively unavailable here based on Armortec's failure to respond to the lawsuit, thus precluding discovery. (*See* D.E. 17-3, Sutton Decl. ¶¶ 6, 18.) Moreover, even if a dollar figure could be ascertained, "it would not adequately compensate Plaintiff for the reputational and goodwill injury" of Armortec's conduct. *Matos*, 133 F. Supp. at 689. The third factor warrants an injunction because Armortec's "only harm is that [it must] obey the law and refrain from infringing," as compared to the continued harm to plaintiff's trademark rights if injunctive relief is denied. *Meenaxi*, 2025 WL 2104507, at *10. *See Matos*, 133 F. Supp. 3d at 689 (describing harm to defendant as "self-inflicted").

### D. Whether Default Judgment would be Proper

The last part of the default judgment analysis asks whether judgment would be proper, based on "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Leo Constructing*, 718 F. Supp. 3d at 441 (quoting *Chamberlain*, 210 F.3d at164).

Plaintiff would suffer prejudice here absent default judgment because, in the face of Armortec's infringement, it would otherwise have no way of protecting its trademark rights. Plaintiff has been hindered in pursuing monetary relief (D.E. 17-3, Sutton Decl. ¶¶ 6, 18), leaving an injunction as its recourse to stop further harm. Armortec has not responded, and no

meritorious defense is apparent from the record.  And culpable conduct can be presumed from a defendant's failure to respond.  *Meenaxi Enter.*, 2025 WL 2104507, at *6.

### V.        Conclusion

For the foregoing reasons, the complaint is dismissed as to defendants Connors and Diaz, and Counts 3 through 8 are dismissed.  The motion for default judgment is denied in part and administratively terminated in part.  Within 14 days, plaintiff may file a supplemental submission addressing the issue of service of process on defendant Armortec, as outlined *supra*. That submission shall include an updated proposed form of judgment.

An appropriate order will follow.

s/ Katharine S. Hayden

Date: March 30, 2026                                Katharine S. Hayden, U.S.D.J.